JOSEPH A. GLAZER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glazer v. Commissioner
Docket No. 29877-88
United States Tax Court
T.C. Memo 1990-645; 1990 Tax Ct. Memo LEXIS 719; 60 T.C.M. (CCH) 1497; T.C.M. (RIA) 90645; December 26, 1990, Filed *719 Decision will be entered under Rule 155. Joseph A. Glazer, pro se. Karen A. Holmes, for the respondent. DINAN, Special Trial Judge. DINAN
*2141 MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) [1] and *720 Rules 180, 181, and 182. Respondent determined a deficiency of $ 856 in petitioner's Federal income tax for the year 1985. Concessions having been made by the parties, the only issue for decision is whether petitioner is entitled to deductions under section 162(a) (2) for traveling expenses while away from home. [2]
Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided *721 in Del Mar, New York, at the time he filed his petition. FINDINGS OF FACT *2142 During 1984, Joseph A. Glazer (petitioner) worked at the Legislative Office Building of the New York State Assembly in Albany, New York. Petitioner resided in an apartment located at 140 Kent Street in Albany (the Albany apartment). In January 1985, petitioner accepted a position as Director of Communications with Assemblyman Eliot L. Engel (Engel) from the 81st District, which is located in the Northeast Bronx area of New York City, New York. Petitioner worked for Engel at the New York State Assembly Office of State-Federal Relations in Albany. When he accepted the director's position, petitioner understood that he could be required to work at Engel's office in the Bronx (the Bronx office) during the New York State Assembly's recess, which typically started in July and ended in December. On July 1, 1985, petitioner moved from Albany to Mount Vernon, New York City, New York, to work in the Bronx office. Petitioner moved into an apartment located at 37 South Ninth Avenue (the Mount Vernon apartment), approximately 7 miles from the Bronx office. When petitioner moved to Mount Vernon, he *722 vacated the Albany apartment taking all of his personal possessions including clothing, books, furniture, television, and work-related papers. Petitioner had his mail forwarded to the Mount Vernon apartment. He maintained a bank account in Albany; however, he opened a checking account with Citibank, N.A., in the Bronx. Petitioner resided in Mount Vernon until January 4, 1986, when he moved to Del Mar, New York, approximately two miles southwest of Albany, for the start of a another New York State Assembly session. On his 1985 Federal income tax return, petitioner claimed an employee business expense in the amount of $ 4,081 paid by him for meals and lodging while he lived in the Mount Vernon and New York area. Respondent, in his statutory notice of deficiency, disallowed $ 3,815 of the claimed meals and lodging expenses on the ground that when petitioner moved to New York City, he did not maintain two places of abode resulting in additional and duplicative living expenses paid while in the pursuit of business away from his tax home as required by section 162. OPINION Petitioner contends that his expenses in 1985 while working at Assemblyman Engel's office in the Bronx are *723 deductible traveling expenses incurred while away from his "home" in Albany, New York. He argues further that his employment in the Bronx was temporary rather than indefinite. Respondent contends that petitioner did not have a tax "home" in Albany, New York, to be away from in 1985. The burden of proof is on petitioner to prove that respondent's determination is erroneous. ; Rule 142(a). As a general rule, deductions for personal living expenses are disallowed under section 262. Section 162(a)(2), however, allows the taxpayer to deduct certain traveling expenses paid or incurred while away from home in the pursuit of a trade or business if he can establish that the traveling expenses were: (1) reasonable and necessary; (2) incurred "while away from home"; and (3) incurred in pursuit of a trade or business. ; . This Court has held that a taxpayer's home, for purposes of section 162(a)(2), means the vicinity of his principal place of employment and not where his personal residence is located, *724 if such residence is located in a different place from his principal place of employment. ; . The Second Circuit Court of Appeals, to which an appeal in this case would lie, has defined "home" for purposes of section 162(a)(2) to mean the taxpayer's permanent abode or residence rather than his business headquarters. ; , cert. denied . The obvious precondition to a taxpayer's being "away from home" is that he have a home in the first instance. . In the context of section 162(a)(2), the taxpayer must incur substantial continuing living expenses at a permanent place of residence. . Such requirement is in accord with the purpose underlying section 162(a)(2), i.e., to ease the burden which falls upon the taxpayer who, because of the exigencies *725 of his trade or business, must maintain two places of abode and thereby incur additional and duplicative living expenses. ; ; ; . Here, we do not believe that Albany, New York, was petitioner's tax home between July 1985, and January 1986. During that period of time, petitioner had minimum contacts with Albany. Petitioner vacated the Albany apartment when he moved to Mount Vernon. This *2143 resulted in petitioner not having to incur any duplicative expenses which the "away from home" concept is designed to cover. Cf. ; . We find that the Mount Vernon apartment was his tax home. Accordingly, petitioner was not traveling away from home while he worked in the Bronx and, therefore, is not entitled to the claimed deduction under section 162(a)(2). To reflect the foregoing and the concessions made by the parties, *726 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's adjustment increasing petitioner's income by unemployment compensation received is solely derivative and depends on the resolution of the employee business expense issue.↩